UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| LARRY M. ADKISSON, ) <br> JAMES T. BUCHANAN, ) <br> JAD MUBARAK, ) <br> JAMES ROBERTSON, ) <br> CHARLES DAVIS, ) <br> TIMMY MCDANIEL, and ) <br> ALMONDA DUCKWORTH, ) <br> ) <br>       Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> KAREN WELCH, ) <br> LARENDA D. MCCORMICK, ) <br> MICHAEL W. PARRIS, ) <br> LISA HELTON, and ) <br> BILL LEE, ) <br> ) <br>       Defendants. ) | No.: 3:22-CV-312-TAV-DCP |

## MEMORANDUM OPINION

Plaintiffs have filed a joint pro se complaint for violation of 42 U.S.C. § 1983 [Doc. 1], as well as motions for leave to proceed *in forma pauperis* [Docs. 2, 3, 4, 5, 6, 7, 8]. For the reasons set forth below, Plaintiffs' motions for leave to proceed *in forma pauperis* [*Id.*] will be **GRANTED**, and this action will be **DISMISSED** because the complaint fails to state a claim upon which relief may be granted under § 1983.

**I.     MOTIONS FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

As it appears from Plaintiffs' motions for leave to proceed *in forma pauperis* [Docs. 2, 3, 4, 5, 6, 7, 8] that they cannot pay the filing fee, these motions will be **GRANTED**.

Each Plaintiff will be **ASSESSED** the civil filing fee of $350.00.[1] As to Plaintiffs Adkisson, Buchanan, Mubarak, Robertson, McDaniel, and Duckworth, the custodian of these Plaintiffs' inmate trust accounts will be **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to each Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in each Plaintiff's inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiffs' inmate trust accounts shall submit twenty percent (20%) of each Plaintiff's preceding monthly income (or income credited to their trust account for the preceding month), but only when the monthly income exceeds ten dollars ($10.00), until the Clerk has received the full filing fee of three hundred fifty dollars ($350.00) from each Plaintiff. 28 U.S.C. § 1915(b)(2).

As to Plaintiff Davis, the custodian of his inmate trust account shall submit twenty percent (20%) of his preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the Clerk has received the full filing fee of three hundred fifty dollars ($350.00) from Plaintiff Davis. *Id.*

---

[1] *See Montague v. Schofield*, No. 2:14-CV-292, 2015 WL 1879590, at *4–5 (E.D. Tenn. April 22, 2015) (finding "that allowing the plaintiffs to proceed upon each plaintiff's payment of a pro rata share of a single filing fee would disserve the purpose behind the enactment of the PLRA" and collecting cases standing for the assertion that each Plaintiff in a multi-plaintiff prisoner action must pay the entire filing fee) (citations omitted).

To ensure compliance with this procedure, the Clerk will be **DIRECTED** to provide a copy of this memorandum and order to both the custodian of inmate accounts at the institution where Plaintiffs are now confined and the Court's financial deputy. This order shall be placed in each Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. COMPLAINT SCREENING

### A. Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard that the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's

3

Case 3:22-cv-00312-TAV-DCP Document 12 Filed 10/25/22 Page 3 of 7 PageID #: 83

right to relief "above a speculative level" fails to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

### B.  Complaint Allegations

Plaintiffs allege that in August of 2022, they discovered that food items purchased from the prison commissary are not exempt from sales tax [Doc. 2 p. 3]. Plaintiffs did not previously realize this because their commissary receipts did not show sales tax, and they allege that charging sales tax for "items . . . . [p]urchased by the State for State use, personal use, consumption, distribution, and storage of items for state consumption or redistribution" violates "all applicable codes and statutes" [*Id.* at 3–4]. Plaintiffs also generally state that "[u]nless [they are] egregiously mistaken, Federal and State tax laws require[] that any and all use and Sales taxes paid must be clearly posted to all point of sale receipts" [*Id.* at 5]. Plaintiffs then make general statements regarding these claims and the alleged deception of not itemizing sales tax on receipts and assert that without sales tax being itemized on the commissary receipts, they do not know how much they are paying in taxes [*Id.* at 5–6]. Plaintiffs further note that the "vast majority" of prisoners are "legally indigent" and "'are not pa[id] a taxable wage'" [*Id.* at 7].

4

Plaintiffs have sued Commissary Manager Karen S. Welch, Fiscal Director Larenda D. McCormick, Warden Michael E. Parris, Commissioner Lisa Helton, and Governor Bill Lee [*Id.* at 2]. As relief, Plaintiffs seek (1) monetary reparations that are not subject to seizure by the State of Tennessee or any subsidiary thereof; (2) a Court order requiring the State of Tennessee to "conduct an independent audit" of all Tennessee prisoners currently in custody and released from custody in the last twelve months and refund all sales tax those prisoners have paid; and (3) punitive damages [*Id.* at 8]. Plaintiffs also specifically request that if any Plaintiff dies "before, during[,] or after" that Plaintiff is awarded reparations, that Plaintiff's share of the reparations be awarded to his emergency contact [*Id.*].

**C. Analysis**

Plaintiffs' complaint fails to state a claim upon which relief may be granted under § 1983.

First, Plaintiffs do not allege that any named Defendant is responsible for the prison charging sales tax on commissary items without itemizing the sales tax on the receipt. As such, the complaint fails to state a claim upon which relief may be granted as to any named Defendant. *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted under § 1983).

5

Additionally, even if the Court assumes that some or all Defendants are responsible for the prison charging sales tax on commissary items without listing the sales tax on the receipt, Plaintiff's assertion that this violates Tennessee law fails to state a claim upon which relief may be granted under § 1983, which provides redress only for violations of federal constitutional or statutory rights. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995) (citation omitted).

Moreover, while Plaintiffs also generally indicate that their claims assert violations of federal law, Plaintiffs do not cite any federal constitutional provision or law that prevents prisons from charging sales tax on commissary items without listing the sales tax on the receipts, and the Court has not located any such federal constitutional provision or law. To the contrary, in all federal cases the Court has been able to locate addressing substantively similar prisoner claims, district courts have found that prisoners do not have a constitutional or federal right to buy commissary items without paying sales tax. *See*, *e.g.*, *Lockridge v. Sumner County Jail*, 2019 WL 1028002, at *3 (M.D. Tenn. Mar. 3, 2019) (citing *Bright v. Thompson*, No. 4:10-CV-P145-M, 2011 WL 2215011, at *4 (W.D. Ky. June 6, 2011), *aff'd,* 467 F. App'x 462 (6th Cir. 2012) (providing that "[a]n inmate . . . has no federal constitutional right to be able to purchase items from a commissary, at a certain price, and without tax" and citing cases to support this assertion) (citations omitted); *Amoz v. Polzer*, No. 1:14-CV-63-SNLJ, 2014 WL 6473596, at *9 (E.D. Mo. Nov. 18, 2014) (dismissing claim regarding taxation of prison commissary items as frivolous and

6

collecting federal cases standing for the assertion that prisoners do not have a constitutional right to purchase commissary items tax-free) (citations omitted).

Accordingly, the complaint fails to state a claim upon which relief may be granted under § 1983, and it will be **DISMISSED**.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiffs' motions for leave to proceed *in forma pauperis* [Docs. 2, 3, 4, 5, 6, 7, 8] will be **GRANTED**;

2. Each Plaintiff will be **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiffs' inmate trust accounts will be **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk will be **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiffs are now confined and the Court's financial deputy;

5. Even liberally construing the amended complaint in favor of Plaintiffs, it fails to state a claim upon which relief may be granted under § 1983;

6. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

7. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE